OPINION OF THE COURT
Memorandum.
Ordered that the order dated June 30, 2015 is reversed, without costs, plaintiff’s motion, in effect, for leave to renew her opposition to defendant’s cross motion is granted, and, upon renewal, so much of the order dated May 13, 2015 as granted defendant’s cross motion to dismiss the complaint is vacated and the cross motion is denied; and it is further ordered that the appeal from so much of the order dated May 13, 2015 as granted defendant’s cross motion to dismiss the complaint is dismissed as academic in light of our determination upon review of the order dated June 30, 2015.
Pursuant to Rules of the Chief Administrator of the Courts (22 NYCRR) part 137, plaintiff sought an arbitration of a fee dispute with defendant law firm. Following an arbitration hearing, an award was rendered on October 30, 2014 in favor of defendant. Plaintiff then sought de novo review of the merits of the fee dispute (see Rules of Chief Admin of Cts [22 NYCRR] § 137.8) by commencing this action on December 5, 2014. In her verified complaint, she alleged that the arbitration award had been mailed to her on November 6, 2014. Upon defendant’s failure to appear or answer, plaintiff moved for leave to enter a default judgment pursuant to CPLR 3215. Defendant cross-moved to dismiss the complaint, pursuant to CPLR 3211 (a) (5), based upon the arbitration award which had been rendered in its favor. By order dated May 13, 2015, the District Court denied plaintiff’s motion and granted defendant’s cross motion. The court found that plaintiff had not timely sought de *77 novo review within 30 days after the arbitration award had been mailed, thereby rendering the arbitration award “final and binding” (Rules of Chief Admin of Cts [22 NYCRR] § 137.8 [a]). Plaintiff thereafter moved, in effect, for leave to renew her opposition to the cross motion, submitting documentary evidence demonstrating that the award had, in fact, been mailed to her on November 6, 2014. By order dated June 30, 2015, the District Court denied plaintiffs motion. As limited by her brief, plaintiff appeals from so much of the May 13, 2015 order as granted defendant’s cross motion to dismiss the complaint. Plaintiff’s appeal brings up for review the June 30, 2015 order denying plaintiff’s motion, in effect, for leave to renew her opposition to defendant’s cross motion (see CPLR 5517 [b]).
Rules of the Chief Administrator of the Courts (22 NYCRR) § 137.8 (a) provides:
“A party aggrieved by the arbitration award may commence an action on the merits of the fee dispute in a court of competent jurisdiction within 30 days after the arbitration award has been mailed. If no action is commenced within 30 days of the mailing of the arbitration award, the award shall become final and binding.”
The record indicates that the arbitration award was mailed to plaintiff on November 6, 2014 and that she commenced this action on December 5, 2014 by filing the summons and verified complaint (see UDCA 400 [1]), which is within 30 days of the mailing of the award. As plaintiff was aggrieved by the arbitration award and timely commenced this action, the District Court’s finding that the arbitration award had been rendered “final and binding” (Rules of Chief Admin of Cts [22 NYCRR] § 137.8 [a]) was erroneous.
Contrary to defendant’s contention, the fact that the retainer agreement stated that “[t]he decision resulting from arbitration shall be binding upon both you and this firm” does not constitute a waiver of plaintiffs right to seek de novo review. Subdivisions (B) (1) and (2) of section 6 of the Standards and Guidelines of the Board of Governors (Unified Court System, Attorney-Client Fee Dispute Resolution Program, available at http://www.courts.state.ny.us/admin/feedispute/pdfs/ Standards.pdf) provide that such a waiver is not valid on the part of a client unless it is “knowing and informed” and that a retainer agreement (or other writing) must contain express *78 waiver language specifying that “the client understands that he or she is waiving the right to reject an arbitration award and [to] commence a trial de novo in court” (see Maddox v Stein, 42 Misc 3d 134[A], 2014 NY Slip Op 50057[U], *1 [App Term, 2d Dept, 9th & 10th Jud Dists 2014]). In view of the fact that the retainer agreement signed by plaintiff did not contain such language, or even a close approximation of such language, plaintiff’s consent to a purported waiver cannot be considered to have been “knowing and informed.” Consequently, plaintiff retained her right to commence this action to obtain judicial review of this fee dispute.
Accordingly, the order dated June 30, 2015 is reversed, plaintiff’s motion, in effect, for leave to renew her opposition to defendant’s cross motion is granted, and, upon renewal, so much of the order entered May 13, 2015 as granted defendant’s cross motion to dismiss the complaint is vacated and defendant’s cross motion is denied.
Maraño, P.J., Iannacci and Garguilo, JJ., concur.